**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TERRY MARLIN, | No. CIV S-10-0957-GEB-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| MICHAEL MARTEL, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 13).

Petitioner claims:

> By way of an administrative action, the Petitioner was denied Due Process under law. The staff wrote up a formal document when by law all that was required was a verbal warning. The acts of staff involved created a liberty interest that will effect the Petitioner at Parole hearing. Quite possibly altering, or causing the denial of a parole date at Petitioner's hearing.

/ / /

/ / /

1

According to respondent, petitioner is challenging the issuance of a 128-A custodial counseling chrono. Respondent argues that this action must be dismissed because: (1) the possibility that the chrono could be used in the future to deny parole is too attenuated to warrant federal habeas relief; and (2) due process is not implicated by issuance of a counseling chrono which, by definition, does not involve loss of time credits.

As respondent correctly notes, federal habeas relief is the proper vehicle to raise a claim which, if successful, would result in a determination that the petitioner is entitled to immediate or speedier release from prison. See 28 U.S.C. § 2254; see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Here, the existence of the counseling chrono does not, in and of itself, implicate the duration of petitioner's confinement. He was not assessed any loss of good-time credits. Petitioner fears that the chrono could be cited in the future to deny parole. First, this claim is speculative at best and does not suffice to implicate the duration of petitioner's confinement. See Sandin v. Connor, 515 U.S. 472, 487 (1995). Second, counseling chronos do not document serious rules violations and, as such, typically do not serve as a basis to deny parole. Any argument concerning the validity of the counseling chrono would be ripe in the context of an action challenging the denial of parole based on that chrono.

To the extent petitioner claims that the issuance of a formal written counseling chrono as opposed to a verbal warning violated state law, the claim is not cognizable. A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of a transgression of federal law binding on the state courts. See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983). It is not available for alleged error in the interpretation or application of state law. Middleton, 768 F.2d at 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786 F.2d 1378, 1381 (9th Cir. 1986).

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 13) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 9, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE